FILED
2012 Aug-23 PM 12:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **Rocco Leo, Trustee** | ) |
| | ) |
| | ) |
| **Plaintiff-Petitioner** | ) |
| | ) |
| v. | )   CASE NO.: 1:12-mc-2636-RBP |
| | ) |
| **Roy Hunter, individually and doing business** | ) |
| **as Hunter Construction; R&F Construction** | ) |
| **Company, Inc.** | ) |
| | ) |
| **Defendants-Respondents.** | ) |

## MEMORANDUM OPINION

### WITHDRAWAL OF REFERENCE

This cause is before the court on plaintiff-petitioner Rocco Leo's Petition to Withdraw Reference of Trustee's Motion and Entry of Default Judgment against defendants-respondents Roy Hunter, et al. Defendants do not oppose the motion and have not appeared. The Bankruptcy Court has acknowledged that it lacks Article III authority to enter a final judgment for money damages in favor of the Trustee in this adversary proceeding: See Stern v. Marshall, 131 S. Ct. 2594. Accordingly, plaintiff's motion to withdraw the reference is **GRANTED** and the reference of this action to the Bankruptcy Court is due to be **WITHDRAWN**.

### DEFAULT JUDGMENT

Plaintiff is the trustee of the Chapter 7 joint bankruptcy estate of Kevin Ashley and Krista Ashley. Defendant Roy Hunter is a contractor licensed by the Alabama Home Builders Licensure Board and does business as Hunter Construction. Mr. Ashley hired Defendant to build a home at

1107 Scenic Drive in Gadsden, AL for $251,000.00 pursuant to a contract between the parties. Ashley alleges in his affidavit that Hunter was paid $201,401.20, leaving a balance of $49,598.80 as of January 29, 2008. Ashley claims he did not pay Hunter further due to suppliers' liens allegedly filed against his home after Hunter's failure to pay suppliers. Ashley claims he and his wife/co-debtor had to borrow $81,235.00 to complete the construction of the home. Additionally, Ashley claims to have spent $2,500 on attorney's fees defending himself from the supplier liens in the Circuit Court of Etowah County. Ashley's affidavit alleges a total monetary loss of $83,735.00, including the legal fees, plus "time and mileage for attending evidentiary hearings, for which I did not keep an account."

Rule 55 of the Federal Rules of Civil Procedure govern the process of default judgments. This process implies two steps. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55. After the clerk's entry, the plaintiff must seek an entry of the default judgment. This can be done by the clerk if the amount is a "sum certain," and if the defendant has not made any appearance and is not a minor or incompetent. *Id*.

In the instant case, the Bankruptcy clerk entered the Defendant's default on February 23, 2012. The Plaintiff must seek entry of the default judgment from the court, since the claim is not for a "sum certain" but rather for unliquidated damages pursuant to the breach of contract. A hearing must be conducted to determine the proper amount of damages for the judgment. The case law is clear that "judgment of default awarding cash damages could not properly be entered 'without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.'"*Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543

(11th Cir. 1985) (quoting *United States Artist Corporation v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979)). Rule 55 allows for the Court to " conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to . . . determine the amount of damages . . . ." Fed. R. Civ. P. 55(b)(2). Though Ashley's affidavit sets out a specific amount, the amount is not a liquidated sum. Additional un-specified damages are also alleged in the form of "time and mileage."

Thus, the Plaintiff's request for entry of default judgment based merely on the affidavits and exhibits is due to be **DENIED**. The court requires an evidentiary hearing to determine the amount of damages before entering judgment. The cause will be **REFERRED** to a magistrate judge to conduct said hearing in Gadsden, Alabama.

This the 23rd day of August, 2012.

*/s/ Robert B. Propst*

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**